**RECORD NO. 14-4307**

*In The*

# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**WARREN DEVIN MOSELEY,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

───────────────

**BRIEF OF APPELLANT**

───────────────

**William J. Stevens
4235 Lakes Street
P. O. Box 747
Bridgman, MI  49106
(269) 469-1469**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦  Richmond, VA  23219
804-249-7770  ♦  www.gibsonmoore.net

# Table of Contents

Page:

Table of Authorities......................................................................................... ii

Jurisdictional Statement ...................................................................................1

Statement of the Issue......................................................................................2

Statement of the Case .....................................................................................2

Summary Argument........................................................................................5

Argument ........................................................................................................6

    The District court's failure to engage in any specific fact finding process when the government agreed to and did dismiss the gun charge and where the district court could have found no connection between the drugs in the kitchen and a pistol stored behind a dresser in another room rendered the sentencing procedurally unreasonable................................................................6

    Standard of Review ................................................................................6

Conclusion.....................................................................................................11

Request for Oral Argument ...........................................................................11

Certificate of Compliance

Certificate of Filing and Service

# Table of Authorities

Page(s):

**Cases:**

*Gall v. United States*,
     552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ..........................7, 10

*Morrissey v. Brewer*,
     408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2D 484 (1972)................................8

*United States v. Apple*,
     962 F.2d 335 (4th Cir. 1992) .........................................................................8

*United States v. Diosdado–Star*,
     630 F.3d 359 (4th Cir. 2011) ...................................................................7, 10

*United States v. Ebersole*,
     411 F.3d 517 (4th Cir. 2005).......................................................................10

*United States v. Evans*,
     526 F.3d 155 (4th Cir. 2008) ........................................................................6

*United States v. Garnett*,
     243 F.3d 824 (4th Cir. 2001).......................................................................11

*United States v. Harris*,
     128 F.3d 850 (4th Cir. 1997) ..................................................................8, 10

*United States v. Hughes*,
     401 F.3d 540 (4th Cir. 2005).......................................................................10

*United States v. Johnson*,
     943 F.2d 383 (4th Cir. 1991).......................................................................10

*United States v. King*,
    673 F.3d 274 (4th Cir. 2012) *cert. denied*,
    133 S. Ct. 216, 184 L. Ed. 2d 111 (U.S. 2012) ........................................7, 11

*United States v. Manigan*,
    592 F.3d 621 (4th Cir. 2010) ...................................................................10

*United States v. McAllister*,
    272 F.3d 228 (4th Cir. 2001) ..................................................................8, 9

*United States v. Morace*,
    594 F.3d 340 (4th Cir. 2010) .........................................................................7

*United States v. Ortega*,
    94 F.3d 764 (2d Cir. 1996)............................................................................8

*United States v. Shealey*,
    641 F.3d 627 (4th Cir. 2011) .......................................................................10

**Statutes:**

18 U.S.C. § 924(c) ...........................................................................................1, 2

18 U.S.C. § 3231..................................................................................................1

18 U.S.C. § 3553(a) .............................................................................................7

18 U.S.C. § 3553(c) .......................................................................................7, 11

21 U.S.C. § 841...............................................................................................1, 2

28 U.S.C. § 1291..................................................................................................1

**Sentencing Guideline:**

U.S.S.G. § 2D1.1(b)(1)................................................................................*passim*

## Jurisdictional Statement

A grand jury in the Middle District of North Carolina charged defendant -appellant Warren Devin Moseley with distributing cocaine 21 U.S.C. § 841(Joint Appendix at page #: JApx 6). The indictment was superseded and charges of possession of cocaine base with intent to distribute it (count 2)21 U.S.C. § 841 and possession of a firearm in furtherance of a drug trafficking crime (count 3)18 U.S.C. § 924(c) were added.(JApx7-8)  The district court had jurisdiction pursuant to 18 U.S.C. § 3231. Defendant entered a plea of guilty to Count 1, possession of cocaine base (Japx23-36). On February 25, 2014 the court imposed sentence (Japx 38-55) and on April 8, 2014 the court entered a final judgment 100 months on count 1 and dismissed counts 2 and 3.(JApx 57-58). On April 17, 2014 and within 14 days of the entry of judgment defendant filed his notice of appeal (Japx 63) invoking the Fourth Circuit's jurisdiction pursuant to 28 U.S.C. § 1291.

## Statement of the Issue

Did the district court's failure to engage in any specific fact finding process when the government agreed to and did dismiss the gun charge against the defendant permit the district court to base its sentence on erroneous facts and render the sentencing procedurally unreasonable?

## Statement of the Case

The three count superseding indictment charged Warren Devin Mosely Holman with distributing cocaine base on July 11, 2013, 21 U.S.C. § 841(JApx 7), possessing cocaine base on August 12, 2013, 21 U.S.C. § 841(JApx 7), possessing a firearm in furtherance of a drug trafficking crime on August 12, 2013, 18 U.S.C. § 924(c)(JApx 8). Pursuant to a plea agreement (JApx 16-22) defendant plead guilty(JApx 23-36) to count 1 the cocaine charge and the government agreed to dismiss count 2 and count 3 the possession of a firearm in furtherance of a drug trafficking crime (Japx 19)

During the plea colloquy the district court did not discuss the appeal waiver contained in the plea agreement paragraph 3 Japx 18. Rather than

2

discuss the appeal waiver, the court asked, "And if you chose to file a notice of appeal, it must be done in writing within 14 days of the entry of the Court's judgment. (Japx 31 line 5-8).

At the sentencing hearing the district court did not adopt any factual claims made in the presentence report as his own findings. After making an adjustment in the defendant's criminal history category and without making specific findings to support any particular offense level the court noted, "a total offense level of 27, criminal history category of IV, imprisonment range of 100 to 125 months."(JApx 51 lines 22-25) and imposed a 100 month sentence (Japx 52). Judgment was entered April 8, 2014 (Japx 57-62) This appeal followed (Japx 63).

The sentencing transcript contains no explanation of how the court found that the calculations were appropriately determined and contains no discussion of how any firearm might have been possessed in connection with any drug crime.

The government's factual basis from Joint Appendix 13-14 is summarized as follows. On July 11, 2013, a confidential informant was

3

utilized to make a controlled purchase of cocaine base from Warren Devin Moseley. Prior to the purchase the confidential informant and his vehicle were searched. The confidential informant was outfitted with a shirt containing a button camera, the confidential informant traveled to 712 Thomas Street in Rockingham, North Carolina, to make the purchase from defendant Moseley. The buy was both audio taped and videotaped, was made from inside Defendant Moseley's residence. The Defendant Moseley can clearly be seen in the video footage. The confidential informant paid Defendant Moseley $1,375 (Japx 32-33) for the cocaine base on this occasion. After receiving the cocaine base, the confidential informant thereafter met with detectives from Richmond County Sheriff's Office and turned over the drugs which he had purchased. No firearms are mentioned in the factual basis (Japx 13-14), in the change of plea hearing (JApx 23-36) or the sentencing hearing (JApx 38-55).

    Paragraph 5 of the presentence report (Japx 68) recites: On August 13, 2013, officers with the RCSO Vice/Narcotics Unit, RCSO SWAT Team, and the Rockingham Police Department, Rockingham, NC, executed a search

warrant at the home of Warren Devin Moseley, 712 Thomas Street. During the search a 9mm handgun was found with a magazine in the master bedroom behind a dresser, along with receipts containing Defendant Moseley's name. In the kitchen officers found a bag of dog food which contained approximately 32 grams (gross weight) of cocaine base in a plastic bag and a razor blade. On the kitchen table were a set of digital scales along with a box of plastic baggies. Officers also found a photo of Defendant Moseley holding an unspecified amount of U.S. currency in the living room.

The court imposed a sentence at the low end of the guideline range 100 months imprisonment followed by 4 years supervised release and a $100 special assessment. Judgment was entered April 8, 2014 and defendant's notice of appeal was filed April 17, 2014 (Japx 63).

## Summary Argument

The presentence report states, "Since a dangerous weapon was possessed, the offense level is increased by 2 levels. U.S.S.G. § 2Dl.l(b)(l)."(JApx 69) The district court made no findings of fact to support

a conclusion that a firearm was possessed during any illegal drug activity. (Japx 38-55) A court could have found that there was no connection between the cocaine sold on July 11, 2013 or possessed on August 12, 2013 and the Taurus pistol stored behind the dresser Marqueita Smith's bedroom. The district court did not make findings to tell us how possession of the pistol was connected with drugs. The district court simply did not make findings to support the conclusion that U.S.S.G. § 2D1.1(b)(1) should apply. Procedural reasonableness demands findings of fact to support the district court's conclusion. Here there were no such findings. The case should be remanded for re-sentencing.

## Argument

**The District court's failure to engage in any specific fact finding process when the government agreed to and did dismiss the gun charge and where the district court could have found no connection between the drugs in the kitchen and a pistol stored behind a dresser in another room rendered the sentencing procedurally unreasonable**

<u>Standard of Review</u> An error in failing to correctly calculate the applicable Guidelines range presents an error of law and is reviewed *de novo* **United States v. Evans,** 526 F.3d 155, 160 (4th Cir. 2008) The failure to adequately

6

explain the chosen sentence is an error of law to be reviewed de novo. ***United States v. Diosdado–Star***, 630 F.3d 359, 365 (4th Cir. 2011) (quoting *Gall*, 552 U.S. at 46, 50, 128 S. Ct. 586). The district court must "state in open court" the particular reasons supporting its chosen sentence. 18 U.S.C. § 3553(c). ***United States v. King,*** 673 F.3d 274, 283 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 216, 184 L. Ed. 2d 111 (U.S. 2012).

In *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). the Supreme Court held a sentence is procedurally reasonable if the court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. *Id.* at 49–51, 128 S. Ct. 586. Failure to make findings to support a correct Guideline calculation, failure to properly apply the Guidelines or the failure to sufficiently explain the sentence renders the sentence procedurally unreasonable *United States v. Morace*, 594 F.3d 340, 345-46 (4th Cir. 2010) and raises significant due

7

process issues. *Cf. Morrissey v. Brewer*, 408 U.S. 471, 488-89, 92 S. Ct. 2593, 2604, 33 L. Ed. 2D 484 (1972).

The presentence report proposed that a dangerous weapon was possessed and the offense level is increased by 2 levels. U.S.S.G. § 2Dl.l(b)(l)."(JApx 69). In *United States v. McAllister*, 272 F.3d 228, 233-34 (4th Cir. 2001) the court said:

> Section 2D1.1(b)(1) allows for a two-level increase in a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Under relevant conduct principles, the enhancement applies when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common [*234] scheme as the offense of conviction." *United States v. Ortega*, 94 F.3d 764, 767 (2d Cir. 1996) (internal quotation marks omitted). Application Note 3 of the Commentary to § 2D1.1 states that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n.3). In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity. *See United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997); *United States v. Apple*, 962 F.2d 335, 338 (4th Cir. 1992). We review findings of fact relating to sentencing enhancements for clear error. *See Harris*, 128 F.3d at 852.

*United States v. McAllister*, 272 F.3d 228, 233-34 (4th Cir. 2001).

Here the district court drew no explicit connection between the drugs in the dog food bag in the kitchen and the pistol stored behind a dresser in a separate room. The defendant had no actual possession of the pistol. Neither the confidential informant nor the police claimed to have seen Moseley with a gun. The gun was stored where it was not readily accessible. The gun was not shown to have been used in connection with any drug offense. The superseding indictment charged the defendant with possession of a firearm in furtherance of a drug trafficking crime, count 3 (Japx 8). However, that charge was dismissed.(JApx 57). Furthermore, the factual basis for the offense of conviction makes no mention of any firearm (Japx 13-14). If the district court had made actual findings of fact, the court could have found that Guideline U.S.S.G. § 2D1.1(b)(1) was inapplicable because Moseley did not possess a dangerous weapon during any illegal drug activity. *United States v. McAllister*, 272 F.3d 228, 233-34 (4th Cir. 2001)

When the district court has made actual findings that the firearm and the drug crime are connected and expressly applied Guideline U.S.S.G. §

9

2D1.1(b)(1) this court has affirmed the district court's exercise of its discretion. *United States v. Harris*, 128 F.3d 850, 852-53 (4th Cir. 1997); *United States v. Johnson*, 943 F.2d 383, 385-86 (4th Cir. 1991) and *United States v. Manigan*, 592 F.3d 621, 628-36 (4th Cir. 2010).

Here the district court failed to make specific or detailed findings to connect the firearm in the unoccupied residence stored behind a dresser with the cocaine in the dog food bag in the kitchen. The defendant's sentence must be procedurally and substantively reasonable, *United States v. Hughes*, 401 F.3d 540, 546–47 (4th Cir. 2005).*United States v. Shealey*, 641 F.3d 627, 635 (4th Cir. 2011).  The district court must determine the range prescribed by the Sentencing Guidelines after making any necessary findings of fact. *United States v. Hughes*, 401 F.3d at 556. *United States v. Ebersole*, 411 F.3d 517, 535 (4th Cir. 2005). The district court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.' " *United States v. Diosdado–Star*, 630 F.3d 359, 365 (4th Cir. 2011) (quoting *Gall*, 552 U.S. at 46, 50, 128 S. Ct. 586). The district court must "state in open court" the

particular reasons supporting its chosen sentence. 18 U.S.C. § 3553(c).*United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012). Where the fact finding or statement of reasons is inadequate the case will be remanded for re-sentencing. *United States v. Garnett*, 243 F.3d 824, 826-33 (4th Cir. 2001).

## Conclusion

The sentence should be reversed and the case remanded for resentencing.

## Request for Oral Argument

Appellant requests oral argument. Counsel believes that a clarification of the issues and the appellant's position would be facilitated by oral argument.

 /s/ William J Stevens  
William J. Stevens  
4235 Lakes Street  
P. O. Box 747  
Bridgman, MI  49106  
(269) 469-1469  
e mail lawyerbill@qtm.net

*Counsel for Appellant  
   Warren Devin Moseley*

11

**Certificate of Compliance with Rule 32(A)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains 2,003 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Palatino Linotype.

    /s/ William J. Stevens
William J. Stevens

Dated: November 10, 2014

## Certificate of Filing and Service

I hereby certify that on November 10, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Clifton T. Barrett
    OFFICE OF THE
      UNITED STATES ATTORNEY
    101 South Edgeworth Street
    4th Floor
    Greensboro, NC  27401
    (336) 333-5351

    *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                        /s/ Shelly N. Gannon
                                        Shelly N. Gannon
                                        GIBSON MOORE APPELLATE SERVICES, LLC
                                        421 East Franklin Street
                                        Suite 230
                                        Richmond, VA  23219